UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA J., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00489-TAB-SEB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of Social Security, | ) ) ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.   Introduction**

Plaintiff Barbara J. appeals the Social Security Administration's denial of her application for disability insurance benefits following remand from the Seventh Circuit Court of Appeals for a new hearing. Plaintiff's sole argument on appeal is that the ALJ committed the same reversible error as that for which the Seventh Circuit previously reversed and remanded the SSA's denial of Plaintiff's claim for disability benefits. Specifically, Plaintiff argues that the ALJ unilaterally overruled the disabling opinions of the state agency physicians based on his own impermissible interpretation of complex medical evidence. In response, the Commissioner relies on harmless error analysis, arguing that even if the ALJ had adopted the limitation set forth by the state agency physicians, Plaintiff would still have been able to perform her past relevant work as a gate guard. However, the record reflects a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles. The ALJ did not confront this. The Court cannot say with certainty that any error was harmless. Accordingly, Plaintiff's request for remand is granted. [Filing No. 13.]

**II.     Background**

On June 29, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on June 14, 2013. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled. Plaintiff then filed a complaint with this Court on November 2, 2018. On August 14, 2019, Magistrate Judge Dinsmore affirmed the Commissioner's denial of Plaintiff's claim for disability benefits. [Filing No. 8-15, at ECF p. 44.] Plaintiff appealed to the Seventh Circuit, and on August 31, 2020, the Seventh Circuit issued an opinion reversing the Commissioner's decision and remanding the case back to the SSA for a new hearing. [Filing No. 8-15, at ECF p. 66.]

The Seventh Circuit found that the ALJ erred in finding Plaintiff could perform the lifting demands of medium exertion work, while discounting contrary medical opinions from all the medical reports in the record, which suggested a limitation to light work would be appropriate. [Filing No. 8-15, at ECF p. 66.] The Seventh Circuit explained that while Plaintiff's testimony (that she could lift 35 to 40 pounds and do her past job, before reinjuring her shoulder) might have supported a less restrictive RFC, an ALJ must provide a valid explanation for preferring one view over another. [Filing No. 8-15, at ECF p. 71.] On March 15, 2021, Plaintiff appeared for a hearing before the ALJ, who subsequently entered another unfavorable decision. [Filing No. 8-13, at ECF p. 13.] Plaintiff's request for an appeal of that decision now pends.

At step one of the SSA's standard five-step sequential process, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date, June 14, 2013, through her date last insured, June 30, 2014. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative joint disease, right

shoulder and right knee; degenerative disc disease, lumber spine; and coronary artery disease. [Filing No. 8-13, at ECF p. 16.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.  Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations.  The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations: "occasional climbing ramps and stairs, but never ladders, ropes, and scaffolds; frequent balancing; occasional stooping and crouching; never crawling or kneeling; frequent reaching with the right upper extremity." [Filing No. 8-13, at ECF p. 17.]  At step four, the ALJ concluded that through the date last insured, Plaintiff was capable of performing past relevant work as a gate guard.  [Filing No. 8-13, at ECF p. 21.]  Accordingly, the ALJ concluded that Plaintiff was not disabled at any time from June 14, 2013, through June 30, 2014.

### III. Discussion

As noted above, Plaintiff argues that the ALJ committed the same error that was the basis of the Seventh Circuit's previous remand of the SSA's denial of Plaintiff's claim for disability benefits.   [Filing No. 13, at ECF p. 9.]  Plaintiff maintains that the ALJ impermissibly and unilaterally overruled his own agency's reviewing physicians' interpretations of complex, post-date-last-insured medical evidence in concluding that Plaintiff could regularly perform work that required frequent reaching and unlimited pushing and pulling with her right upper extremity. Plaintiff argues that she incurred significant harm as a result of the ALJ's dismissal of the state agency physicians' opinions that she could only "occasionally" reach, push, and pull with her

3

right upper extremity, because the vocational expert at Plaintiff's first hearing testified that an individual with this limitation would be unable to perform any of Plaintiff's past relevant jobs.

The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

The Commissioner effectively concedes that the ALJ committed the error noted by Plaintiff and instead focuses her response on harmless error review. [Filing No. 14.] The Commissioner argues that the ALJ's failure to limit Plaintiff to occasional reaching was, at its worst, harmless error, because Plaintiff would have still been able to perform her past relevant work as a gate guard. [Filing No. 14, at ECF p. 4.] In support, the Commissioner cites to the Dictionary of Occupational Titles (DOT), which states that the gate guard job requires only occasional reaching. DICOT 372.667-030, 1991 WL 673099 (Jan. 1, 2016). In addition, the Commissioner asks the Court to infer that Plaintiff's counsel was aware that a limitation to occasional reaching would not preclude working as a gate guard. [Filing No. 14, at ECF p. 4.]

The Court declines the Commissioner's offer to speculate. Moreover, the Commissioner failed to acknowledge that the VE testified that an individual limited to occasional reaching could not perform any of the Plaintiff's past work. [Filing No. 8-2, at ECF p. 68-69.] In contrast, Plaintiff went into great detail explaining the significant harm she has incurred as a result of the ALJ unilaterally dismissing the state agency physicians' opinions that Plaintiff could only occasionally reach. [Filing No. 13, at ECF p. 13-14.] Plaintiff directly noted in her opening brief, and reiterated in her reply, the VE's testimony at the first administrative hearing that a hypothetical individual with an RFC reflecting the reaching, pushing, and pulling limitations assessed by the initial round of state agency reviewing physicians could perform none of Plaintiff's past relevant jobs. And the VE at the remand hearing did not contradict this testimony. [Filing No. 8-14, at ECF p. 26-37.] It is not the role of the Court to resolve a potential conflict between the VE's testimony and the DOT; that is for the ALJ to determine. *See, e.g., Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019) ("When a vocational expert's testimony that a claimant can perform a job conflicts with the claimant's ability to meet the job's listed requirements in the DOT, then the ALJ must resolve that conflict before relying on the testimony to support her disability findings.").

The Commissioner's sole reliance on the DOT definition of gate guard, without confrontation of the VE testimony that potentially contradicted it, does not demonstrate the ALJ's error was harmless. Remand is necessary so that the ALJ may either adopt the RFC assessed by the state agency consultants and seek testimony from the VE regarding whether someone with that RFC could perform a significant number of jobs in the national economy, or sufficiently explain why the reviewing physicians' RFC is unsupported.

**IV.     Conclusion**

The ALJ once again overruled an expert medical opinion, which opined that Plaintiff could only perform occasional reaching with the right upper extremity. In doing so, the ALJ ignored the Seventh Circuit's warning that he should not make a medical assessment without first subjecting the same question to another medical expert. The Commissioner admits this was error, but contends it is harmless. The Court cannot make this finding given the VE's testimony indicating that if an individual was limited to occasional reaching, they would be unable to perform all past relevant work. Therefore, remand is necessary to allow the ALJ to properly evaluate all the evidence of record and issue a new decision based on substantial evidence and the proper legal standards. Accordingly, Plaintiff's request for remand [Filing No. 13] is granted.

Date: 10/31/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email